UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MOSHE D. STEIN
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

       -against-


PORTFOLIO RECOVERY ASSOCIATES, L.L.C.

                      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Moshe D. Stein seeks redress for the illegal practices of Portfolio Recovery Associates, L.L.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Norfolk, Virginia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Moshe D. Stein*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 28, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said November 28, 2014 letter provided a notice in bold red stating: **"WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgement. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."**

12. The letter concluded by stating: "Remember, ignoring this problem will not make it go away. Together, we can work out a plan to resolve this delinquent debt. Please take that first step now and call right away. We are standing by."

13. The Defendant's concluding language was deceptive and misleading as the "problem"

had in fact gone away, as the Defendant itself had emphasized, i.e., that the statutory period had passed on this debt, which included the Defendant's ability to make such a threat.

14. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15. 15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

16. Defendant's November 28, 2014 letter violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f, for the use of any false representation or deceptive means to collect or attempt to collect any debt, threatening to take any action that cannot legally be taken or that is not intended to be taken and for the use of unfair or unconscionable means to collect or attempt to collect any debt.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

17. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixteen (16) as if set forth fully in this cause of action.

18. This cause of action is brought on behalf of Plaintiff and the members of a class.

19. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 28, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Capital One Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f, for the use of any false representation or deceptive means to collect or attempt to collect any debt, threatening to take any action that cannot legally be taken or that is not intended to be taken and for the use of unfair or unconscionable means to collect or attempt to collect any debt.

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

25. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 14, 2015

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

Seller: CAPITAL ONE BANK N.A
Merchant: CAPITAL ONE BANK N.A
Original Creditor: CAPITAL ONE BANK (USA) NA
Original Account Number: ████████7707

**Portfolio Recovery Associates, LLC**
We're giving debt collection a good name.

Last Payment or Default Date: 05/28/2001
**Account/Reference No.:** ████████7707
**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC
**CURRENT BALANCE DUE:** $6,982.16

November 28, 2014

**WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from *obtaining* a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN. Because of the age of your debt, we will not report it to the credit reporting agencies.**

We would like to take this opportunity to again welcome you as a customer of Portfolio Recovery Associates, LLC (PRA, LLC)! We are sure you'd like to resolve this account, but you've found yourself financially incapable of doing so. We understand, difficult situations are sometimes unavoidable and we'd like to help you resolve this debt in a manner that is satisfying to your budget.

PRA, LLC specializes in working with people just like you, who perhaps are experiencing financial difficulties. We know that sometimes bad things happen to good people, and financially stable people who have never had credit problems in the past find themselves with unpaid bills due to sickness or injury, loss of a job, marital problems or other unforeseen crisis. We also know from experience that these people very much want to repay their debts, and they simply need some help in establishing a plan and a little time to execute it.

When you call PRA, LLC, you will speak with a trained, experienced professional. Please, do not delay any further and call our toll free number, 1-800-772-1413 to speak with Jordan Pierce now. If you wish to contact us via the internet, you may send an e-mail to help@portfoliorecovery.com. Our hours of operation are 8 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun. (EST). Our Address is PO Box 12914, Norfolk, VA 23541.

Remember, ignoring this problem will not make it go away. Together, we can work out a plan to resolve this delinquent debt. Please take that first step now and call right away. We are standing by.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**
NOTICE: See Reverse Side for Important Information

806__CDPRAS01_NY34

---***PLEASE DETACH AND RETURN WITH YOUR PAYMENT***---

CDPRAS01
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

November 28, 2014

NY34    457969184

MOSHE D STEIN
1347 47th St
Brooklyn NY 11219-2612

Account/Reference No. ████████7707
*CURRENT BALANCE DUE: $6,982.16

Amount Enclosed: _____



Mail all checks and payments to:

PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541